# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.

Lauren Jones

Case No. 1:17-cr-00582-CCB-2

\*\*\*\*\*\*

## MEMORANDUM AND ORDER

On March 18, 2020, Defendant filed an Emergency Motion for Immediate Medical Treatment. (ECF No. 134.) By way of background, Defendant was on pretrial release. Defendant has had a rocky course on pretrial release. Most recently, after testing positive for cocaine on two occasions, Defendant's release was revoked on March 12, 2020 after a bail review hearing.

At the time of her presentation to the Chesapeake Detention Facility ("CDF"), Defendant had been prescribed three mediations (two for a sinus infection and one for pain). Per Defendant, those medications were surrendered and forwarded to Defendant's family members pending a medical evaluation from CDF medical personnel. (ECF No. 134 a ¶4.)

According to Defendant's motion, CDF medical personnel substituted Tylenol for the prescribed opiate pain reliever. (ECF No. 134 at ¶¶2 and 9.) Defendant does not now challenge that substitution. However, Defendant has not been given the two medications prescribed for her sinus infection and was told that they would not be administered until she was evaluated by an OB/GYN given that Defendant is also pregnant. (ECF No. 134 at ¶11.) As a result, Defendant now asserts that CDF does not have the medical staff necessary to treat her. Plaintiff

further asserts that she is at increased risk of contracting COVID-19 at CDF based on an exposure at another federal detention facility, CTF.

Upon receipt of Defendant's motion, the Court contacted the U.S. Marshals responsible for federal detainees. The Court was advised that medical personnel at CDF had evaluated Defendant, had requested (but not yet received) her relevant records from outside providers, and scheduled an evaluation by an outside OB/GYN on March 19, 2020 to assess, *inter alia*, the appropriateness, safety and continuing need for the two prescribed medications based on Defendant's pregnancy. By way of update this morning, Defendant has a follow-up appointment with the OB/GYN in one week, and that consultant is assessing the safety and efficacy of continuing Defendant's current antibiotics. It is clear to the Court, therefore, that CDF medical personnel are adequately addressing Defendant's medical needs, and whether these two medications will be continued will rest on the sound medical judgment of those providers.

With regard to the COVID-19 pandemic, the Court recognizes the serious health risk it poses to the general public, particularly those like Defendant who have underlying health conditions such as pregnancy and are in a custodial setting. But those risks are not the sole determinant of whether detention is appropriate. Instead, that decision must also include an individualized assessment of the standard for detention based on violation of release conditions as set forth in 18 U.S.C. 3148 and 18 U.S.C. 3142(g). *See United States v. Martin* (D. Md., PWG-19-140-13, March 17, 2020) (denying appeal of detention order after evaluating 18 U.S.C. 3142(g) factors notwithstanding defendant's underlying medical conditions in setting of COVID-19). On March 12, 2020, Judge Copperthite of this Court, after a hearing, ordered Defendant detained based on those factors. (ECF No. 132.)

Accordingly, Plaintiff's motion is **DENIED**.

_3/20/2020_
Date

J. Mark Coulson
United States Magistrate Judge